IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEON VESSEL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-18-2843 |
| | § | |
| C.O. E. MAXEY, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se*, filed this section 1983 lawsuit claiming that Texas Department of Criminal Justice ("TDCJ") correctional officer E. Maxey unlawfully confiscated his night light. As judicial relief, plaintiff seeks replacement of his night light. The Court **DISMISSES** this lawsuit for the reasons that follow.

### I. FAILURE TO EXHAUST

Under 42 U.S.C. § 1997e(a), no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." Exhaustion is mandatory and is required for all actions brought by prisoners in order to give correctional officers an opportunity to address complaints internally before initiation of a federal lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524–25 (2002). The Fifth Circuit has expressly stated that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison

grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Plaintiff's pleadings show that he did not exhaust his prison administrative remedies prior to filing this lawsuit. According to plaintiff, his night light was confiscated on July 26, 2018, and he signed and filed the instant complaint five days later, on July 31, 2018. As shown in *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998), the TDCJ grievance procedure takes approximately ninety days to exhaust. Prisoners are allowed fifteen days to file a Step 1 grievance. The first response is due forty days from receipt of the grievance. The prisoner then has ten days to appeal the Step 1 grievance by filing a Step 2 grievance. Prison officials involved with Step 2 grievances have forty days from receipt of the grievance to complete the investigation and respond to the grievance. A prisoner must pursue the grievance through both steps for his claim to be exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

The Court takes judicial notice that, given the rules and time deadlines for the filing of grievances pursuant to the TDCJ two-step prison grievance system, it takes longer than five days to complete the grievance process. Consequently, it is clear to the Court that plaintiff did not exhaust his administrative remedies prior to filing this lawsuit. Nevertheless, the Court will not dismiss the case based on failure to exhaust, as plaintiff's allegations fail to raise a viable claim under section 1983 or are frivolous.

## II. LOSS OF PROPERTY

Even assuming proper exhaustion, plaintiff's allegations of an improper confiscation of his night light raise no viable claim for which relief can be granted under section 1983. It is well settled that the random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides a meaningful post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Texas provides a remedy for inmates whose property has been taken or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743–44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. Therefore, plaintiff's claims concerning his confiscated night light have no basis in federal law and must be dismissed as legally frivolous. *See Murphy v. Collins*, 26 F.3d 541, 543–44 (5th Cir. 1994).

Moreover, plaintiff's allegation that the defendant correctional officer confiscated his night light in retaliation for a lawsuit he filed fails to state a viable claim. Claims of retaliation by prison inmates "must be regarded with skepticism," which requires a reviewing court to "carefully scrutinize" whether a prisoner has articulated a sufficient retaliatory motive on the defendant's part. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). In this instance, plaintiff does nothing more than proffer his personal opinion that the confiscation was in retaliation for an undisclosed lawsuit he had filed. Plaintiff does not allege a chronology of events from which retaliation may plausibly be inferred. *See Jones v.*

*Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Because plaintiff's bare allegation of retaliation is insufficient to establish retaliation or any other actionable claim, his claim will be dismissed for failure to state a viable claim.

### III. CONCLUSION

This lawsuit is **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a viable claim for relief under section 1983. Any and all pending motions are **DISMISSED AS MOOT**. This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff, to TDCJ–Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, and to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas on the 29th day of August, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE